STATE OF LOUISIANA *v* JAMES ADAMS.

It is sufficient, in an indictment for an attempt to carry a slave by land out of the State, to describe the slave as being " a negro man, slave for life," and giving the name of his master, when the name of the slave is not known, to the District Attorney or to the Grand Jury.

The Act of 1816, making it a crime to carry, or attempt to carry a slave by land out of this State, is not repealed by the general repealing clause of the Act of 1855, relative to crimes and offences, nor by the same clause in the Act of 1857, relative to slaves.

The general repealing clauses of these Acts do not repeal the former statutes denouncing crimes and offences, upon which the Acts are silent.

In a cross-examination of a witness for the State, the question was asked the witness " *if he was not anxious that the defendant should be convicted.*"—*Held:* That the question was a proper one, and might be asked to show bias on the mind of the witness, and that it was competent for the jury to decide from his answer to what extent his credibility may have been affected by it.

APPEAL from the District Court of the Parish of Rapides, *Cullom,* J.

C. N. *Hines,* District Attorney, for the State. *Hyman & Cazabat,* for defendant.

VOORHIES, J. This case comes up on two motions to quash, and several bills of exception. The defendant was found guilty of the offence of feloniously and willfully attempting to carry a slave out of the State by land.

The first motion to quash points out as a defect, that the name of the slave is not given. It was sufficient to describe him, in the words of the indictment : " a certain negro man, slave for life, whose name is to the jurors aforesaid unknown, but who then and there belonged to and was the property of *James H. Dawson.*" It is not made apparent by bill of exception, that the Grand Jury or the State Attorney were at the time aware of the name of the slave ; the above must, therefore, be held to be a sufficient compliance with the law in describing the slave in question.

The second motion to quash sets up that the Act upon which this prosecution is based, has been repealed by the Acts of the 14th March, 1855, " relative to crimes and offences," and of the 19th of March, 1857, " relative to slaves." It is true that the repealing clauses of these Acts repeal all former Acts on the same subject-matter ; but we have repeatedly held, in giving effect to this clause, that it does not repeal those statutes, denouncing certain crimes and offences, upon which these Acts are silent ; or, in other words, that all foregoing statutes punishing crimes and offences are not done away with, unless reference be made to these offences in the above quoted Acts of 1855 and 1857. *State* v. *Slave Jack,* ante 385.

This case must, however, be remanded, on account of the ruling *ex officio* of the District Judge, rejecting the following question propounded on cross-examination by the defendant to a State witness, to-wit : " if he was not anxious that the defendant should be convicted ?" The question was a proper one, as the object of it was to show bias on the part of the witness for the prosecution. In weighing that testimony, it was all-important that the jury should have been made aware of the state of the witness's mind on the subject ; and if really he was anxious that the accused should be convicted, it would then have been the duty of the jury to ascertain to what extent, if at all, his credibility was affected.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, and that this case be remanded for further proceedings.